UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA CHRISTMAN
HUBBARD,

    Plaintiff,

v.                                      Case No.  8:01-cv-1154-T-24 EAJ

PAUL AZZARA,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on several motions filed by Defendant.  (Doc. No. 63, 64, 65).  The Court will address each motion.

**I.  Background**

Plaintiff filed suit against Defendant on June 18, 2001.  Default was entered on July 27, 2001.  Thereafter, on September 20, 2002, the Court entered default judgment against Defendant and closed the case.  (Doc. No. 40).  On April 16, 2003, Defendant moved to set aside the default judgment (Doc. No. 41), and his motion was denied (Doc. No. 43).  On May 23, 2008, Defendant moved to reopen the case based on alleged fraud on the Court (Doc. No. 56), and the Court denied the motion (Doc. No. 62).

**II.  Motion to Strike (Doc. No. 64)**

Defendant moves to strike from the record Plaintiff's prior responses in opposition (Doc. No. 60, 61) to his prior motion to reopen and motion to unseal.  Defendant contends that the responses contain scandalous, inflammatory, and immaterial statements.  Upon review, the Court finds that Defendant's motion to strike should be denied.

In this same document, Defendant seeks leave to file a reply brief to Plaintiff's prior responses in opposition to his prior motion to reopen and motion to unseal. The Court has already ruled on those motion, and it finds that a reply would have been unnecessary and would not have changed the Court's rulings on those motions. As such, leave to file a reply is denied.

### III. Motion to Permit Supplemental Pleading (Doc. No. 63)

Defendant also moves to amend his prior motion to reopen the case based on Plaintiff's prior response in opposition to his prior motion to reopen. The Court has reviewed Defendant's motion and the arguments that he sets forth in support of his contention that amendment is necessary. However, upon consideration, the Court finds that amendment would be futile, and as such, the motion is denied.

### IV. Motion to Alter or Amend Judgment (Doc. No. 65)

Defendant also moves to set aside the judgment, arguing that it is void. The Court rejects this argument.

Defendant's argument is based on his contention that a letter that he filed on June 28, 2001 (prior to the entry of default on July 27, 2001) makes the entry of default and default judgment improper and void. There are two defects in Defendant's argument: (1) The Court does not accept letters to the Court for filing; and (2) The letter is not signed. As such, the letter is not sufficient to avoid the entry of default. Accordingly, the Court finds that the default judgment that it entered is not void, and therefore, Defendant has not set forth a sufficient basis for setting aside the default judgment. Thus, to the extent that Defendant seeks to set aside the default judgment, the motion must be denied.

In this motion, Defendant also requests that the Court unseal the docket, because he has

lost his copies of the sealed filings.  While the Court will not unseal the docket, the Court will direct the Clerk to send Defendant one copy of each of the sealed documents.

## V.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that the motions (Doc. No. 63, 64, 65) are **DENIED**, except to the extent that the Court directs the Clerk to send Defendant one copy of each of the sealed documents.

**DONE AND ORDERED** at Tampa, Florida, this 16th day of July, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Defendant