UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA CHRISTMAN
HUBBARD,

        Plaintiff,

v.                                                 Case No.  8:01-cv-1154-T-24 EAJ

PAUL AZZARA,

        Defendant.
_____/

**ORDER**

        This cause comes before the Court on Plaintiff's Motion for Sanctions.  (Doc. No. 72).

Defendant has not filed a response in opposition.

        This case has been closed since September 20, 2002.  However, for the past four months,

Defendant, who is incarcerated and proceeding pro se, has been attempting to reopen this case by

filing various frivolous motions requesting the same relief.  Plaintiff now requests that the Court

sanction Defendant in order to prevent further harassment of Plaintiff and to prevent the

continued waste of judicial resources.  Specifically, Plaintiff requests that Defendant be

prohibited from further self-representation in this case or from filing any more documents in this

case without obtaining prior approval from the Court.

        The Court has the power to protect itself from abusive litigants:

> Federal courts have both the inherent power and the constitutional obligation to
> protect their jurisdiction from conduct which impairs their ability to carry out
> Article III functions. . . .  The court has a responsibility to prevent single litigants
> from unnecessarily encroaching on the judicial machinery needed by others.  A
> litigant can be severely restricted as to what he may file and how he must behave
> in his applications for judicial relief.  He just cannot be completely foreclosed
> from any access to the court.

U.S. v. Powerstein, 185 Fed. Appx. 811, 813 (11th Cir. 2006)(internal citations and quotation

marks omitted).

Upon consideration, the Court finds that given Defendant's continued filing of frivolous

motions in this case, Plaintiff's motion for sanctions should be **GRANTED** to the extent that the

Court will bar Defendant from filing any documents in this case without first obtaining Court

approval.  Therefore, in order for Defendant to file anything further in this case, he must first file

a motion seeking leave of Court to file the document and explaining why leave should be

granted.  Plaintiff need not respond to the motion for leave to file, and Plaintiff will only need to

respond to motions that the Court grants Defendant leave to file.  Failure to comply with this

Order will result in the document being stricken from the record.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of September, 2008.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Defendant

2